## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## NEWNAN DIVISION

JOHN DOE                                                   Case No.

     Plaintiff


v.


WEST GEORGIA MEDICAL CENTER, INC.
and WELLSTAR HEALTH SYSTEM, INC.

     Defendant

## **COMPLAINT**

Comes now Plaintiff John Doe and files this, his Complaint, against

Defendant West Georgia Medical Center, Inc. and respectfully shows this

Honorable Court the following:

## **INTRODUCTION**

### 1.

This lawsuit seeks compensation for discrimination and the intentional and

malicious disclosure of John Doe's protected health information by employees of

West Georgia Medical Center, Inc. on August 29, 2018, and permanent injunctive

relief to prevent future such disclosures.

## PARTIES

2.

Plaintiff John Doe, a resident of LaGrange, Troup County, Georgia, has a disability that qualifies him to receive Medicare and Social Security disability assistance. Plaintiff contracted the Human Immunodeficiency Virus (HIV) several years ago from his then-wife. Unbeknownst to Plaintiff, his wife had begun using intravenous drugs, had contracted HIV, and then passed the virus to Plaintiff through consensual monogamous marital heterosexual activity. Plaintiff did not and does not use illicit intravenous drugs or engage in high-risk sexual behavior.

3.

Defendant West Georgia Medical Center, Inc. (hereinafter "WGMC") is a corporation which exists under the laws of the state of Georgia. Defendant WGMC is subject to the jurisdiction of this Court and may be served with a copy of the Summons and Complaint through its registered agent for service of process, Leo E. Reichert, who is located at 793 Sawyer Road, Marietta, Georgia 30062.

4.

Defendant WellStar Health System, Inc. (hereinafter "WellStar Health") is a corporation which exists under the laws of the state of Georgia. Defendant

WellStar Health is subject to the jurisdiction of this Court and may be served with a copy of the Summons and Complaint through its registered agent for service of process, Leo E. Reichert, who is located at 793 Sawyer Road, Marietta, Georgia 30062.

5.

Upon information and belief, in 2015, Defendant Wellstar Health acquired control of Defendant WGMC and continues to operate it as a subsidiary.

## JURISDICTION AND VENUE

6.

This Court has personal jurisdiction over the parties and original jurisdiction to hear claims for violation of the Americans with Disability Act (42 U.S.C. § 12182) and the Rehabilitation Act (29 U.S.C. § 794a). This Court has supplemental jurisdiction over the related state claims under 28 U.S.C § 1367(a). Venue is proper in this Court under 28 U.S.C § 1391, LR 3.1(B)(1)(b), and LR 3.1(B)(3).

## FACTUAL BACKGROUND

7.

Plaintiff presented to the Outpatient Laboratory Services for routine
bloodwork on the campus of WGMC at 1600 Vernon Road, Suite H, LaGrange,
GA 30240 at 8am on August 29, 2018.

8.

Plaintiff registered via an electronic kiosk and then took a seat in the waiting
room. Plaintiff was then called back to a desk by Employee 1. Employee 1
obtained Plaintiff's insurance and billing information. Plaintiff also provided
Employee 1 with his physician's lab order, prepared by Dr. Folarin Olubowale,
MD.

9.

Plaintiff was directed to return to the lab waiting room. Plaintiff then noted
that several individuals who presented after him had registered, been called back,
had their lab tests, and then left, while Plaintiff was left to sit for an extended
period.

10.

Later, a lab technician, Employee 2, who was visibly agitated with Plaintiff,
came to the waiting room and announced, "Mr. [Doe], I need you to come back
and sign an HIV testing consent form." Plaintiff's name—and the test he was
having done—was thus announced to the entire waiting room.

11.

Plaintiff was then directed to a desk staffed by Employee 3, where he signed
the HIV testing consent form. At this time, Plaintiff asked to speak to a supervisor.
Plaintiff was told someone would call him back. Plaintiff insisted on speaking to
someone then.

12.

Employee 3 contacted a supervisor by phone and explained that Employee 2
had been inappropriate and disclosed protected health information to other patients.
Plaintiff was told someone would follow up with him.

13.

Plaintiff was then directed to the lab draw room where his blood was taken by Employee 2. Multiple other employees gathered to gawk at Plaintiff while he was having blood drawn and later while he gave a urine sample.

14.

Later one of those, Employee 4, introduced herself as a supervisor and attempted to apologize to Plaintiff while another employee, Employee 5, stood by taking notes. Employee 4 explained they would use the incident as a "teaching opportunity" for the lab technician, Employee 2.

15.

On his way home Plaintiff received a phone call from an Employee 6. Employee 6 apologized to Plaintiff for the facility "not meeting his expectations" but admitted he did not know what happened.

16.

Not only did Employee 2's actions publicly disclose the form of testing Plaintiff was having done and his health status to members of the public, but the

negligent response to the incident by staff resulted in even further unnecessary and embarrassing disclosures of his protected health information.

17.

Upon information and belief, Defendants are participants in Medicaid, Medicare, and/or other Federal programs administered by the Department of Health and Human Services and/or Department of Veteran's Affairs and are a recipient of Federal financial assistance funds under those programs.

## COUNT 1

## DISCRIMINATION UNDER THE REHABILITATION ACT

18.

Plaintiff adopts and incorporates by reference paragraphs 1 through 17 of his Complaint as if said paragraphs are set forth fully herein with respect to Count 1.

19.

The Rehabilitation Act ("Rehab Act") prohibits discrimination against individuals with a disability by recipients of Federal financial assistance engaged in the delivery health care. 29 U.S.C. § 794(a) and 29 U.S.C. § 794(b)(3)(A)(ii).

20.

A violation of the Rehab Act by a recipient of Federal financial assistance gives rise to a private cause of action for damages and attorney's fees. 29 U.S.C. § 794a.

21.

A diagnosis of HIV is a disability under the Rehab Act.

22.

Defendants discriminated against Plaintiff based on his disability in violation of 29 U.S.C. § 794(a) and as such Plaintiff is entitled to a jury trial on damages and an award of attorney's fees against Defendants.

## COUNT 2

## DISCRIMINATION UNDER THE AMERICANS WITH DISABILITIES ACT TITLE III

23.

Plaintiff adopts and incorporates by reference paragraphs 1 through 22 of his Complaint as if said paragraphs are set forth fully herein with respect to Count 2.

24.

The Americans with Disability Act ("ADA") prohibits discrimination against individuals with a disability in public accommodations, including hospitals and health care facilities. 42 U.S.C. § 12182 and 42 U.S.C. § 12181(7)(F).

25.

A violation of the ADA by a recipient of Federal financial assistance gives rise to a private cause of action for damages and attorney's fees. 42 U.S.C. § 12182.

26.

Defendants discriminated against Plaintiff by affording him, based on his disability, service that was not equal to other patients. 42 U.S.C. § 12182(b)(1)(A)(ii).

27.

Defendants discriminated against Plaintiff by providing a service in a manner that was different to other patients that was not effective at ensuring patient privacy. 42 U.S.C. § 12182(b)(1)(A)(iii).

28.

Defendants discriminated against Plaintiff for failing to make reasonable accommodations to ensure the privacy of HIV+ patients and patients undergoing HIV viral load testing. U.S.C. § 12182(b)(2)(A)(ii).

29.

Defendants discriminated against Plaintiff for failing to take reasonable steps to ensure the privacy of HIV+ patients and patients undergoing HIV viral load testing. 42 U.S.C. § 12182(b)(2)(A)(iii).

30.

For the reasons set forth in paragraphs # through # above, Plaintiff is entitled to a jury trial on damages and an award of attorney's fees against Defendants.

## COUNT 3

## VICARIOUS LIABILITY OF DEFENDANTS WEST GEORGIA MEDICAL CENTER, INC. and WELLSTAR HEALTH SYSTEM INC.

31.

Plaintiff adopts and incorporates by reference paragraphs 1 through 30 of his Complaint as if said paragraphs are set forth fully herein with respect to Count 3.

32.

At all times relevant to this action, Defendants employed individuals such as registration clerks, phlebotomists, laboratory technicians, administrators, and other staff.

33.

During all times pertinent to this action, the staff were acting within the course and scope of their employment with the Defendants. Consequently, the Defendants are vicariously liable under the doctrine of Respondeat Superior for the conduct and negligence on the parts of any staff.

## COUNT 4

## NEGLIGENT HIRING, TRAINING, RETENTION, AND SUPERVISION BY DEFENDANTS

34.

Plaintiff adopts and incorporates by reference paragraphs 1 through 33 of his Complaint as if said paragraphs are set forth fully herein with respect to Count 4.

35.

At all times relevant to this action, Defendants employed individuals such as registration clerks, phlebotomists, laboratory technicians, administrators, and other staff.

36.

Defendants negligently failed to hire staff who were capable of respecting patient privacy.

37.

Defendants negligently failed to train and supervise staff to ensure they are respecting patient privacy.

38.

Defendants were negligent in the re-training of staff to ensure they are respecting patient privacy.

39.

Defendants were negligent in the retention of staff who were unable to respect patient privacy.

40.

As an actual and proximate cause of the negligence of Defendants in hiring, training, re-training, retention, and supervising its staff, Plaintiff had his privacy rights violated, resulting in emotional distress.

## COUNT 5

## PUBLIC DISCLOSURE OF EMBARASSING FACTS

41.

Plaintiff adopts and incorporates by reference paragraphs 1 through 40 of his Complaint as if said paragraphs are set forth fully herein with respect to Count 5.

42.

Defendants intentionally caused the public disclosure of private facts belonging to Plaintiff in a highly objectionable manner.

## COUNT 6

## NEGLIGENCE

43.

Plaintiff adopts and incorporates by reference paragraphs 1 through 42 of his Complaint as if said paragraphs are set forth fully herein with respect to Count 6.

44.

Defendants had a duty to Plaintiff to preserve his medical confidentiality imposed by state and federal law, including but not limited to HIPAA, HITECH

Act, O.C.G.A. § 24-9-40, O.C.G.A. § 24-12-21, O.C.G.A. § 37-7-166, O.C.G.A. § 111-8-40-.19(d)(4), O.C.G.A. § 111-8-40-.32(d)(2), and/or regulations promulgated by the US Department of Health and Human Services and Georgia Department of Community Health.

45.

Defendants breached their duty to Plaintiff, which was the actual and proximate cause of damages incurred by Plaintiff.

## COUNT 7

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

46.

Plaintiff adopts and incorporates by reference paragraphs 1 through 45 of his Complaint as if said paragraphs are set forth fully herein with respect to Count 7.

47.

The disclosure of Plaintiff's protected health information by the visibly angry Employee 2 was intentional or reckless, extreme and outrageous, and caused Plaintiff severe emotional distress.

## COUNT 8

## PUNITIVE DAMAGES

48.

Plaintiff adopts and incorporates by reference paragraphs 1 through 47 of his Complaint as if said paragraphs are set forth fully herein with respect to Count 8.

49.

The acts of Defendants, as described in the preceding paragraphs of this Complaint, were willful, wanton, oppressive and evidences that entire want of care which raises the presumption of conscious indifference to the consequences. Accordingly, Plaintiff is entitled to recover punitive damages under O.C.G.A. § 51-12-5.1.

## COUNT 9

## ATTORNEY'S FEES AND EXPENSES OF LITIGATION

Plaintiff adopts and incorporates by reference paragraphs 1 through 49 of his Complaint as if said paragraphs are set forth fully herein with respect to Count 9.

There is no bona fide dispute as to the Defendants liability for the injuries to Plaintiff and said Defendants have caused Plaintiff unnecessary trouble and expense by forcing him to file this lawsuit to recover damages.

Accordingly, Plaintiff is authorized to recover expenses of litigation, including reasonable attorney's fees from the Defendants pursuant to O.C.G.A. § 13-6-11.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff John Doe, seeks judgment against Defendants as follows:

    a.  For an Order declaring that Defendants' conduct violated the statutes and regulations referenced herein;

    b.  For an Order declaring that Defendants' conduct violated the common law provisions referenced herein;

    c.  For an Order finding in favor of Plaintiff on all Counts alleged above;

    d.  For compensatory and punitive damages in amounts to be determined by the Court and/or a jury;

    e.  For pre-judgment interest on all amounts awarded to the full extent allowed by law;

16

f.  For injunctive relief barring future disclosures by Defendants or as the

Court may deem proper; and

g.  For an Order awarding Plaintiff their reasonable attorneys' fees and

expenses to the full extent allowed by law.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

BY: _____

Hayden Barnes, Georgia Bar No. 153445
**LAW OFFICE OF HAYDEN BARNES, LLC**
The Corporate Center, Suite 745E
Columbus, GA 31901
706.530.0529
hayden@rivertownlawyer.com

17